978 F.2d 1264
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
UNITED STATES of AMERICA, Appellee,
v.
David Stanley MACK, Appellant,
 No. 92-2109.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: October 13, 1992.
Filed: October 26, 1992.
 
 Before McMILLIAN, Circuit Judge, MAGILL, Circuit Judge, and HANSEN, Circuit Judge.
 PER CURIAM.
 
 
 1
 Defendant David Stanley Mack was found guilty by jury of bank robbery in violation of 18 U.S.C. § 2113(a). Mack requests a new trial on the grounds that an unsolicited in-court identification of him as the robber of the Lake Country State Bank deprived him of a fair trial. We affirm the conviction.
 
 
 2
 Defendant made a pre-trial motion to preclude the government from introducing any in-court identifications of him as the individual who robbed the bank. The district court[1] denied the motion as moot, as the government represented that it would not ask any of its witnesses to identify David Mack as the bank robber. During direct examination, however, the assistant cashier voluntarily and unexpectedly identified Mack as the individual who told her to open the vault. Defendant objected, and the trial judge struck the statement from the record and instructed the jury to disregard it. A relevant instruction was given at the end of the trial as well.
 
 
 3
 Defendant now asks for a new trial. He did not, however, move the trial court for a mistrial. Accordingly, this court reviews the request for plain error. See United States v. Thornberg, 844 F.2d 573, 575 (8th Cir.), cert. denied, 487 U.S. 1240 (1988).
 
 
 4
 The in-court identification of Mr. Mack was stricken from the record and not referred to again by the government throughout the remainder of the trial. No further details were elicited from the witness, and the jury was instructed to disregard the identification. Given these circumstances, we find no plain error.
 
 
 5
 Furthermore, the evidence of Mack's guilt was overwhelming. See United States v. Copley, 938 F.2d 107, 110 (8th Cir. 1991) (Improper admission of hearsay resulting in violation of confrontation clause harmless error when government has presented overwhelming evidence of defendant's guilt.). Accordingly, any possible error resulting from the in-court identification was necessarily harmless.
 
 
 6
 Having reviewed the file, we affirm David Stanley Mack's conviction and deny his request for a new trial. See 8th Cir. R. 47B.
 
 
 
 [1]
 The Honorable David S. Doty, United States District Court for the District of Minnesota